2011 UT App 122

**Gloria SONNTAG, Bernadine Hiser, and Karen Bacon, Plaintiffs and Appellees,**

v.

**William A. WARD, individually and as trustee of the Kell Family Trust, Defendant and Appellant.**

**No. 20110170–CA.**

Court of Appeals of Utah.

April 21, 2011.

William A. Ward, Ogden, Appellant Pro Se.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

**PER CURIAM:**

¶1 William A. Ward appeals the trial court's denial of his motion to set aside a judgment, filed pursuant to rule 60(b) of the Utah Rules of Civil Procedure. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. We affirm.

¶2 For the first time on appeal, Ward asserts that Plaintiffs lacked standing, thus depriving the trial court of subject matter jurisdiction and making the judgment void.[1] Standing is a jurisdictional requirement. *See Brown v. Division of Water Rights*, 2010 UT 14, ¶12, 228 P.3d 747. Challenges to subject matter jurisdiction may be raised at any time, even for the first time on appeal. *See id.* ¶13.

¶3 The most widely used test for standing "requires a plaintiff to show some

---

1. Ward asserts that he raised this issue in his motion but it was misconstrued by the trial court. However, the motion below did not provide sufficient information or argument to alert the trial court to the issue as it is raised here. Regardless, because the issue of subject matter jurisdiction may be raised at any time in the proceedings, *see Brown v. Division of Water Rights*, 2010 UT 14, ¶13, 228 P.3d 747, we will address the issue on appeal.

distinct and palpable injury that gives rise to a personal stake in the outcome of the dispute." *Washington Cnty. Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 20, 82 P.3d 1125. This is a three-part inquiry. A plaintiff must first assert that he or she has been adversely affected by the challenged actions. *See Sierra Club v. Air Quality Bd.*, 2006 UT 74, ¶ 19, 148 P.3d 960. Second, a plaintiff must allege a causal relationship between the challenged actions, the injury, and the relief requested. *See id.* And third, the relief requested must be substantially likely to redress the injury claimed. *See id.*

¶ 4 Applying this test to Plaintiffs here, standing is clearly established. Plaintiffs asserted specific injury to personal interests based on inappropriate monetary distributions out of funds to which Plaintiffs were entitled. The inappropriate distributions resulted in reduced distributions to Plaintiffs. Finally, Plaintiffs sought a specific remedy of repayment of the funds, thereby redressing the injury. Accordingly, injury, causation, and redressability have been established and Plaintiffs had standing in this proceeding. *See id.* As a result, the trial court had jurisdiction and the judgment was not void.

¶ 5 Ward argues that Plaintiffs lacked standing to bring this action because of a will provision stating that if a beneficiary challenged the will or trust provisions, then that beneficiary's share or interest would be revoked. This argument is without merit. Plaintiffs have established standing to invoke the jurisdiction of the court by alleging particularized injury, causation, and redressability. Although the will provision may have been argued as a defense to the assertion of entitlement to certain interests if Ward had properly presented it in the trial court, it does not operate to defeat standing to bring the action.

¶ 6 Affirmed.[2]

---

2. To the extent that Ward seeks to challenge the correctness of the trial court's legal ruling, that issue is beyond the scope of rule 60(b). *See Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 21, 2 P.3d 451 (noting that an appeal or motion for new trial "is the proper avenue to redress mistakes of law").